TRINETTE G. KENT (State Bar No. 025180)
11811 North Tatum Blvd., Suite 3031
Phoenix, AZ 85028
Telephone: (480) 247-9644
Facsimile: (480) 717-4781
E-mail: tkent@lemberglaw.com

*Of Counsel to*
Lemberg & Associates LLC
A Connecticut Law Firm
1100 Summer Street
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile: (203) 653-3424

Attorneys for Plaintiff,
William Smock

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| William Smock, | Case No.: |
| Plaintiff, | **COMPLAINT** |
| vs. | |
| Delta Outsource Group, Inc.; and DOES 1-10, inclusive, | **JURY TRIAL DEMANDED** |
| Defendants. | |

For this Complaint, the Plaintiff, William Smock, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the invasions of Plaintiff's personal privacy by the Defendants and its agents in their illegal efforts to collect a consumer debt.

2. Original and supplemental jurisdiction exists pursuant to 28 U.S.C. §§ 1331, 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business here and a substantial portion of the acts giving rise to this action occurred here.

## PARTIES

4. The Plaintiff, William Smock (hereafter "Plaintiff"), is an adult individual residing in Mesa, Arizona, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. The Defendant, Delta Outsource Group, Inc. (hereafter "Delta"), is a Missouri company with an address of P.O. Box 1210, O'Fallon, Missouri 63366-9010, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6. Does 1-10 (the "Collectors") are individual collectors employed by Delta and whose identities are currently unknown to the Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. Delta at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

8. A person other than the Plaintiff allegedly incurred a financial obligation in the approximate amount of $7,000.00 (the "Debt") to U.S. Bank (the "Creditor").

9. Plaintiff is not the primary Debtor.

10. The alleged Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

11. The alleged Debt was purchased, assigned or transferred to Delta for collection, or Delta was employed by the Creditor to collect the alleged Debt.

12. Delta attempted to collect the alleged Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. Delta Engages in Harassment and Abusive Tactics

13. On or around September 1, 2012, Delta began contacting Plaintiff in an attempt to collect the Debt.

14. The Debt belonged to Plaintiff's wife, and Plaintiff was a co-signer on the Debt.

3

15. At all relevant times herein, Plaintiff was separated from his wife and was involved in divorce proceedings with his wife.

16. Delta placed two to three calls a week to Plaintiff's cellular phone.

17. During an initial conversation, Plaintiff informed Delta that he was unsure of the manner by which he would proceed to satisfy the Debt as he was involved in divorce proceedings with his wife.

18. Nonetheless, Delta continued its calling campaign in an attempt to collect the Debt.

19. Furthermore, Delta placed numerous calls to Defendant's girlfriend, and informed her that Plaintiff owed a Debt. Delta also disclosed information regarding the nature of the Debt to Plaintiff's girlfriend.

20. Delta falsely informed Plaintiff's girlfriend that they could not reach Plaintiff, despite having spoken with him earlier that same day on his cellular phone.

21. Delta falsely threatened Plaintiff's girlfriend that they would seize Plaintiff's assets if the Debt was not satisfied, when Delta had no legal right or intent to do so at the time the threat was made.

22. Additionally, Delta failed to send Plaintiff written validation of the Debt.

### C. **Plaintiff Suffered Actual Damages**

23. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

4

24. As a direct consequence of the Defendants' acts, practices, and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

## COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692, et seq.

25. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

26. The Defendants informed third parties of the nature of Plaintiff's debt and stated that the Plaintiff owed a debt, in violation of 15 U.S.C. § 1692b(2).

27. The Defendants contacted third parties in regards to the Plaintiff's debt on numerous occasions, without being asked to do so, in violation of 15 U.S.C. § 1692b(3).

28. The Defendants communicated with individuals other than the Plaintiff, the Plaintiff's attorney, or a credit bureau, in violation of 15 U.S.C. § 1692c(b).

29. The Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt, in violation of 15 U.S.C. § 1692d.

30. The Defendants caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass, in violation of 15 U.S.C. § 1692d(5).

31. The Defendants threatened to take action that could not legally be taken or that was not intended to be taken in violation of 15 U.S.C. § 1692e(5).

32. The Defendants employed deceptive means to collect a debt and obtain information about Plaintiff, in violation of 15 U.S.C. § 1692e(10).

33. The Defendants used unfair and unconscionable means to collect a debt, in violation of 15 U.S.C. § 1692f.

34. The Defendants failed to send Plaintiff an initial letter within five days of its initial contact with Plaintiff as required by law, in violation of 15 U.S.C. § 1692g(a).

35. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

36. The Plaintiff is entitled to damages as a result of the Defendants' violations.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays that judgment be entered against the Defendants:

    A. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendants;

B. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against the Defendants;

C. Costs of litigation and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendants;

D. Actual damages from the Defendants for all damages, including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations in an amount to be determined at trial for the Plaintiff; and

E. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

DATED:  October 12, 2012              LEMBERG & ASSOCIATES, LLC


By: _/s/  Trinette G. Kent_
Trinette G. Kent

Attorney for Plaintiff
William Smock